JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

## I (a) PLAINTIFFS
Great Northern Insurance Co. as subrogee of Indeck Energy Services and Indeck-Cornith LTD

## DEFENDANTS
General Electric Company and General Electric International, Inc., and their divisions

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Minnesota
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Fairfield, CT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
COZEN O'CONNOR
Peter G. Rossi, Esquire
45 Broadway Atrium, Suite 1600
New York, NY 10006
(212) 509-9400

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
☐ 1 U.S. GOVERNMENT Plaintiff
☐ 2 U.S. GOVERNMENT Defendant
☐ 3 FEDERAL QUESTION (U.S. Government Not a Party)
☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane / ☐ 315 Airplane Product Liability / ☐ 320 Assault, Libel & Slander / ☐ 330 Federal Employers' Liability / ☐ 340 Marine / ☐ 345 Marine Product Liability / ☐ 350 Motor Vehicle / ☐ 355 Motor Vehicle Product Liability / ☐ 360 Other Personal Injury | **PERSONAL INJURY** — ☐ 362 Personal Injury-- Med Malpractice / ☐ 365 Personal Injury-- Product Liability / ☐ 368 Asbestos Personal Injury Product Liability  **PERSONAL PROPERTY** — ☐ 370 Other Fraud / ☐ 371 Truth in Lending / ☒ 380 Other Personal Property Damage / ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture / ☐ 620 Other Food & Drug / ☐ 625 Drug Related Seizure of Property 21 USC 881 / ☐ 630 Liquor Laws / ☐ 640 R.R. & Truck / ☐ 650 Airline Regs / ☐ 660 Occupational Safety/Health / ☐ 690 Other  **LABOR** — ☐ 710 Fair Labor Standards Act / ☐ 720 Labor/Mgmt. Relations / ☐ 730 Labor/Mgmt. Reporting & Disclosure Act / ☐ 740 Railway Labor Act / ☐ 790 Other Labor Litigation / ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 / ☐ 423 Withdrawal 28 USC 157  **PROPERTY RIGHTS** — ☐ 820 Copyrights / ☐ 830 Patent / ☐ 840 Trademark  **SOCIAL SECURITY** — ☐ 861 HIA (1395ff) / ☐ 862 Black Lung (923) / ☐ 863 DIWC/DIWW (405(g)) / ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g))  **FEDERAL TAX SUITS** — ☐ 870 Taxes (U.S. Plaintiff or Defendant) / ☐ 871 IRS–Third Party 26 USC 7609 | ☐ 400 State Reapportionment / ☐ 410 Antitrust / ☐ 430 Banks and Banking / ☐ 450 Commerce/ICC Rates/etc. / ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations / ☐ 810 Selective Service / ☐ 850 Securities/Commodities/Exchange / ☐ 875 Customer Challenge 12 USC 3410 / ☐ 891 Agricultural Acts / ☐ 892 Economic Stabilization Act / ☐ 893 Environmental Matters / ☐ 894 Energy Allocation Act / ☐ 895 Freedom of Information Act / ☐ 900 Appeal of Fee Determination Under Equal Access to Justice / ☐ 950 Constitutionality of State Statutes / ☐ 890 Other Statutory Actions |
| ☐ 120 Marine | | | | |
| ☐ 130 Miller Act | | | | |
| ☐ 140 Negotiable Instrument | | | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | |
| ☐ 151 Medicare Act | | | | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | | | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | | | |
| ☐ 160 Stockholders' Suits | | | | |
| ☐ 190 Other Contract | | | | |
| ☐ 195 Contract Product Liability | | | | |
| **REAL PROPERTY** — ☐ 210 Land Condemnation / ☐ 220 Foreclosure / ☐ 230 Rent Lease & Ejectment / ☐ 240 Torts to Land / ☐ 245 Tort Product Liability / ☐ 290 All Other Real Property | **CIVIL RIGHTS** — ☐ 441 Voting / ☐ 442 Employment / ☐ 443 Housing/ Accommodations / ☐ 444 Welfare / ☐ 440 Other Civil Rights | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence  Habeas Corpus: ☐ 530 General / ☐ 535 Death Penalty / ☐ 540 Mandamus & Other / ☐ 550 Other | | |

## V. ORIGIN (PLACE AND X IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)  28 U.S.C. §1332 Defective product and negligence of defendant's damaged gas turbine

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $1.8 million
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY: NONE
(See instructions):
JUDGE_____    DOCKET NUMBER_____

DATE March 27, 2006

SIGNATURE OF ATTORNEY OF RECORD  /s/ Peter G. R.

Bar Roll No. 601379

**FOR OFFICE USE ONLY**

RECEIPT#_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

GREAT NORTHERN INSURANCE COMPANY,  :     CIVIL ACTION NO.:
As subrogee of INDECK ENERGY SERVICES, INC. :
and INDECK-CORINTH LTD. PARTNERSHIP, :
15 Mountain View Road :
Warren, New Jersey 07061 :
                Plaintiff :

     v. :

GENERAL ELECTRIC COMPANY and :
GENERAL ELECTRIC INTERNATIONAL, INC., and :
their divisions, GENERAL ELECTRIC ENERGY :
SERVICES, and GENERAL ELECTRIC :
SERVICES SALES :
3135 Easton Turnpike :
Fairfield, Connecticut 06431 :
 :
        and :     JURY TRIAL DEMANDED
 :
HIT SERVICES, LP and WOOD GROUP :
POWER, G.P., LLC :
9747 U.S. Highway 59N :
Suite 340 :
Humble, Texas 77338 :
                Defendants :

**COMPLAINT**

**PARTIES**

     1.    Plaintiff, Great Northern Insurance Company, is an insurance company incorporated in the State of Minnesota and authorized to issue policies of insurance in the State of New York. Great Northern Insurance Company has a principle place of business located at 15 Mountain View Road, Warren, New Jersey, 07061. At all times relevant hereto, the plaintiff, Great Northern Insurance Company, had in force and effect an insurance policy (Policy Number

35119-21-75) issued to Indeck Energy Services, Inc. and Indeck-Corinth Ltd. Partnership, with effective dates from July 1, 2004 through July 4, 2005.

2. Defendants, General Electric Company and General Electric International, Inc. and their divisions General Electric Energy Services and General Electric Energy Services Sales (hereinafter collectively referred to as "G.E.") are New York corporations with a place of business located at 3135 Easton Turnpike, Fairfield, Connecticut 06431.

3. Defendants, HIT Services, LP is a Texas limited partnership and its general partner, Wood Group Power, G.P., LLC (hereinafter collectively referred to as "Wood Group") is a Nevada limited liability corporation and with principle places of business located at 9747 U.S. Highway 59N, Suite 340, Humble, Texas 77338.

## JURISDICTION AND VENUE

4. Jurisdiction in proper in this judicial district pursuant to 28 U.S.C. §1332 since the matter in controversy exceeds $75,000.00 exclusive of costs and interest and the plaintiff and the defendants are citizens of different states.

5. Venue is proper in the United States District Court for the Northern District of New York as this is the judicial district in which the claim arose and where the breaches and tortious acts and omissions of the defendants occurred.

## FACTS

6. Plaintiff incorporates paragraphs one (1) through five (5) as though fully set forth herein.

7. Indeck Corinth Limited Partnership (hereinafter referred to as "Indeck"), a subsidiary of Indeck Energy Services, Inc., is the owner and operator of an electric co-generation facility located at 24 White Street, Corinth, New York 12822.

8.  As part of its operation, Indeck owns and operates a General Electric Frame 7-E gas turbine, serial number 296504, which was sold and installed by General Electric in 1995.

9.  In 2000, Indeck purchased from G.E. two (2) sets of new Unified combustion liners configured for use in its turbine and for operation at a nominal rating of 15 PPM nox and a 2,055° F. firing temperature, along with one (1) set of new flow sleeves configured for operation with the new Unified combustion liners, as part of an equipment upgrading performed by G.E. One set of the combustion liners along with the new flow sleeves were installed in the turbine by G.E. at that time.

10. G.E. promised that the new Unified combustion liners would satisfactorily perform for 12,000-16,000 hours at the rated operating conditions before any required repairs and/or refurbishment of the combustion liners were required.

11. In January, 2003, as part of a planned service outage, one set of the Unified combustion liners installed in the Indeck turbine was removed from service and sent to G.E. for inspection, repair and refurbishing pursuant to Purchase Orders issued by Indeck.

12. G.E. completed the repair and refurbishing of the combustion liners pursuant to the Purchase Orders issued by Indeck; again promising that when the combustion liners were reinstalled in the turbine they would have a useful service life of 12,000-16,000 hours at rated operating conditions.

13. In October, 2003, as part of a major overhaul of the Indeck General Electric Frame 7-E gas turbine, defendant Wood Group removed the in-place combustion liners and replaced them with the combustion liners refurbished by G.E. in 2003. Wood Group also performed repairs on the flow sleeves for the gas turbine at that time.

14. The installation, repair, service, overhaul and refurbishing of the combustion liners and associated flow sleeves described in paragraphs 12 and 13 above by G.E. and Wood

3

Group included the inspection, repair, refurbishing, remaking, rewelding and refinishing of "stops" on both the combustion liners and flow sleeves.

15. In April, 2005, during a planned maintenance inspection of the G.E. Frame 7 gas turbine, Indeck observed that three of the liner stops on G.E. combustion liner No. 3, installed in October, 2003 by defendant Wood Group, were cracked and failed. At that time the combustion liners had been in service for less than 12,000 hours.

16. After further investigation, Indeck discovered cracking and failure of liner stops and base materials on additional G.E. combustion liners which were also installed in October, 2003 by defendant Wood Group.

17. In April, 2005, it was discovered that one of the cracked liner stops from G.E. combustion liner No. 3 had previously entered the gas turbine air stream and caused down stream foreign object damage to other property aside from the combustion liner, including the first, second and third stage buckets and nozzles of the turbine.

18. As a result of the events and damages described above, Indeck made claims under the insurance policy issued by the plaintiff, Great Northern Insurance Company to Indeck and Great Northern Insurance Company has made payments to Indeck for its damages in the amount of $1,835,540.30.

19. By virtue of the foregoing, Great Northern Insurance Company is legally, contractually and equitably subrogated to the rights of Indeck against third parties responsible for the damages sustained by Indeck, including the defendants herein.

20. Defendants, G.E. and Wood Group, each owed duties to Indeck to perform their work and service in a good and workmanlike manner, in a non-negligent manner and in conformity with the express and implied promises each made to Indeck.

21. Defendants, G.E. and Wood Group, breached and violated their duties toward Indeck for the reasons set forth below and these actions on the part of the defendants were the legal and proximate cause of the damages sustained by Indeck.

## COUNT I

## BREACH OF CONTRACT - ALL DEFENDANTS

22. Plaintiff incorporates paragraphs one (1) through twenty-one (21) as though fully set forth herein.

23. The work performed by defendants G.E. and Wood Group described above was done pursuant to Purchase Orders issued by Indeck which incorporated the following terms and conditions:

> 16. The Seller [G.E. and Wood Group] <u>shall defend, indemnify and hold the Buyer [Indeck], its agents, consignees, employees and directors harmless from and against all expenses, damages</u>, claims, suits, or liabilities, including attorneys' and experts' fees, of every kind whatsoever by reason of or arising out of or in any way connected with accidents, occurrences, injuries or losses to or of any person or persons or property which may occur before or after acceptance of this Order or in any way due to or resulting from, in whole or in part, the preparation, manufacture, construction, completion, dismantling, moving, loading, etc. and/or delivery of the items or items including such as are caused by any subcontractors of the Seller or any other nominee, appointee or representative of the Seller. (Emphasis added)
>
> 21. DAMAGES - The Seller [G.E. and Wood Group], contractor, subcontractor, its representatives and/or its nominees <u>shall be responsible for any and all damages whatsoever to any and all items covered in this order</u>, and in the event that any damage of any nature whatsoever shall occur during the course of manufacture, dismantling, loading, crating, skidding, banding, moving, erection, transportation, etc. then Seller, contractor, subcontractor, its representatives and/or its nominees performing any phase of said scope of work shall be held liable for any and all costs pertaining to repair and/or replacement to said damage or damages. Repair or replacement shall be at the option of the Buyer. Said repair or replacement shall be made immediately

5

upon written notification to Seller, contractor, subcontractor, its representatives, and/or its nominees. In the event that Seller, contractor, subcontractor, its representatives, and/or its nominees fails to make the provisions for the necessary and satisfactory repair or replacement to damage or damages within forty-eight (48) hours after notification to Seller, contractor, subcontractor, its representatives, and/or its nominees, then the Buyer shall have the undisputed right and option to have all of the necessary and satisfactory repairs or replacements made, and all costs involved covering labor, materials, permits, loading, transportation for performing this work shall be for the account of the Seller, contractor, subcontractor, its representatives, and/or its nominees, and shall be paid in full within thirty (30) days without any recourse whatsoever to the Buyer. (Emphasis added)

24. The defendants breached the terms and conditions set forth above and those breaches were the legal and proximate cause of the damages sustained by Indeck.

WHEREFORE, plaintiff requests judgment in its favor together with interest, costs and such other relief as the Court deems just.

## COUNT II

## BREACH OF WARRANTY OF MERCHANTABILITY - ALL DEFENDANTS

25. Plaintiff incorporates paragraphs one (1) through twenty-four (24) as though fully set forth herein.

26. The defendants warranted that the combustion liners and the related inspections, repairs, refurbishing, rewelding and replacement of the combustion liners, and the flow sleeves into which the liners were placed, would be of good and merchantability quality, free from all defects in material and workmanship and acceptable for use in the G.E. Frame 7-E gas turbine.

27. The defendants breached their implied warranty of merchantability and such breaches were the legal and proximate cause of the damages sustained by Indeck.

6

WHEREFORE, plaintiff requests judgment in its favor together with interest, costs and such other relief as the Court deems just.

## COUNT III

### BREACH OF IMPLIED WARRANT OF FITNESS FOR PARTICULAR PURPOSE - ALL DEFENDANTS

28. Plaintiff incorporates paragraphs one (1) through twenty-seven (27) as though fully set forth herein.

29. The defendants warranted that the combustion liners installed in the G.E. Frame 7-E gas turbine in October, 2003 were fit for their particular purpose and would provide uninterrupted service for 12,000-16,000 hours.

30. The combustion liners failed prior to the 12,000 hours of promised service life.

31. Indeck reasonably relied upon the representations and warranties of the defendants that the combustion liners would provide uninterrupted service for up to 12,000-16,000 hours.

32. The breaches of implied warranty for fitness for particular purpose by the defendants was the legal and proximate cause of the damages sustained by Indeck.

WHEREFORE, plaintiff requests judgment in its favor together with interest, costs and such other relief as the Court deems just.

## COUNT IV

### BREACH OF EXPRESS WARRANTY - ALL DEFENDANTS

33. Plaintiff incorporates paragraphs one (1) through thirty-two (32) as though fully set forth herein.

7

34. The defendants expressly warranted that:

> 10. WARRANTY - Notwithstanding Buyer's [Indeck] acceptance or right of inspection and /or any other terms or conditions provided in the Order, Seller [G.E. and Wood Group] <u>warrants that all goods furnished hereunder are free from any defects in design, materials and workmanship</u>, and that the goods fully comply with specifications, and where not specified that the goods are suitable and fit for the use intended. The goods covered by the Order are purchased from the Seller in reliance on the aforementioned warranty of the Seller. Buyer will not purchase any items on an "as is - where is" basis unless specified in writing. Equipment purchased shall be new and in good operating condition. (Emphasis added)

35. The defendants breached their express warranty as set forth above and such breaches were the legal and proximate cause of the damages sustained by Indeck.

WHEREFORE, plaintiff requests judgment in its favor together with interest, costs and such other relief as the Court deems just.

## COUNT V

## NEGLIGENCE - ALL DEFENDANTS

36. Plaintiff incorporates paragraphs one (1) through thirty-five (35) as though fully set forth herein.

37. The damages and losses sustained by Indeck were caused by the negligence, carelessness, acts and omissions of the defendants in that they:

    a. Failed to properly repair the liner stops for the combustion liner;

    b. Failed to properly repair the flow sleeve stops;

    c. Failed to properly inspect the liner stops;

    d. Failed to properly inspect the flow sleeve stops;

e. Failed to evaluate and detect the potential for damage, cracking and failure of the liner stops;

f. Failed to prepare, fabricate, correct and refurbish the liner stops so as to maintain proper tolerances between the components;

g. Utilized incompatible and improper materials and methods in the repair and refurbishing;

h. Failed to properly weld, add, buildup and size materials for the liner and flow sleeve stops;

i. Failed to properly install the combustion liners;

j. Failed to properly test the "fit" of the combustion liners.

k. Failed to properly design the liner stops so as to prevent "fretting";

l. Failed to properly design the liner stops so as to prevent stress concentrations at foreseeable locations.

38. The negligence, carelessness, acts and omissions of the defendants were the legal and proximate cause of the damages sustained by Indeck.

WHEREFORE, plaintiff requests judgment in its favor together with interest, costs and such other relief as the Court deems just.

## COUNT VI

## STRICT LIABILITY - G.E.

39. Plaintiff incorporates paragraphs one (1) through thirty-eight (38) as though fully set forth herein.

40. In 2000 and 2003 G.E. acted as a Seller, designer, fabricator and merchant of the combustion liners that were involved in the failure which is the subject of this litigation.

41. The combustion liners and repairs sold by G.E. were defective and unreasonably dangerous for the reasons set forth above.

42. The combustion liners reached Indeck without any material modification from the time they left the possession of G.E. and were utilized by Indeck in that manner until the time the defect was discovered in April, 2005.

43. The combustion liners were utilized in a foreseeable and intended manner by Indeck.

44. The actions of G.E. in supplying a defective and unreasonably dangerous product to Indeck were the legal and proximate cause of the damages sustained by Indeck.

WHEREFORE, plaintiff requests judgment in its favor together with interest, costs and such other relief as the Court deems just.

## COUNT VII

## BREACH OF IMPLIED WARRANTY OF WORKMANLIKE SERVICE - ALL DEFENDANTS

45. Plaintiff incorporates paragraphs one (1) through forty-four (44) as though fully set forth herein.

46. The defendants breached their implied warranties to perform services on behalf of Indeck in a good and workmanlike manner for the reasons set forth in Count V above which is incorporated herein as though fully set forth.

47. The breaches by the defendants were the legal and proximate cause of the damages sustained by Indeck.

WHEREFORE, plaintiff requests judgment in its favor together with interest, costs and such other relief as the Court deems just.

COZEN O'CONNOR

BY: _____
PETER G. ROSSI, ESQUIRE
45 Broadway Atrium
Suite 1600
New York, New York  10006
(212) 509-9400
Bar Roll No.: 601379

*OF COUNSEL:*
COZEN O'CONNOR
BY: A. RICHARD BAILEY, ESQUIRE
BY: PAUL R. BARTOLACCI, ESQUIRE
1900 Market Street
Third Floor
Philadelphia, Pennsylvania  19103
(215) 665-2000

PHILA1\2285222\1 166770.000